IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MITCHELL LEE WATSON,

    Plaintiff,

v.                              Civil Action No. 5:10CV103
                                        (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Mitchell Lee Watson, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since February 2, 2007 due to depression, sleep apnea, restless leg syndrome, obesity, lower back pain, hernia complications, and breathing difficulties.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on December 11, 2009, before Administrative Law Judge ("ALJ") Timothy C. Pace. The plaintiff, represented by counsel, testified on his own behalf, as did James M. Ryan, a vocational expert. On January 22, 2010, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On July 22, 2011, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied and this matter be dismissed. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. No party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. <u>Discussion</u>

In his motion for summary judgment, the plaintiff contends that the Commissioner's ruling is without merit and not supported by substantial evidence. Specifically, the plaintiff argues that (1) the ALJ erred because he rejected the treating source medical opinion and further fails to set forth any basis for that rejection; (2) the ALJ failed to evaluate the plaintiff's complaint of pain and how that pain impacts on his RFC in concluding that the plaintiff retained the RFC to perform sedentary work with certain restrictions; and (3) the ALJ, in finding that the plaintiff's impairments did not equal or meet sections 1.02 and 1.04, did not fairly and adequately consider whether those listings were met based on the medical evidence of record, nor did he consider the possibility of whether the plaintiff's condition was the medical equivalent of the listing of impairments as noted in 20 C.F.R. § 404.1526.

In contrast, the Commissioner contends that: (1) the ALJ properly considered the opinions of the plaintiff's treating physicians; (2) the ALJ properly found that the plaintiff's subjective complaints were not entirely credible; and (3) the ALJ properly found that the plaintiff did not meet or equal a listed impairment.

Magistrate Judge Kaull issued a report and recommendation, in which he held that (1) the ALJ did not err in his decision as to the opinion of Dr. Roy Chisholm and the findings of Dr. Charles

Bess and Dr. Mark Sagin, and his opinion is supported by substantial evidence; (2) the ALJ properly considered and weighed all relevant evidence in forming his opinion regarding the plaintiff's credibility; and (3) substantial evidence supports the ALJ's finding that the plaintiff did not meet Listings 1.02 or 1.04.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for DIB is supported by substantial evidence. The magistrate judge correctly states that the ALJ assigned "great weight" to the opinion of Dr. Chisholm and that the ALJ accommodated the limitation found by Dr. Chisholm. In addition, this Court agrees

with the magistrate judge that the ALJ thoroughly evaluated and considered the opinions of Dr. Bess and Dr. Sagin.

This Court also finds no clear error in the magistrate judge's opinion as to the credibility analysis. The ALJ did comply with the mandates contained in the credibility analysis of <u>Craig v. Chater</u>, 76 F.3d 585 (4th Cir. 1996), and the criteria listed in 20 C.F.R. § 404.1529 by considering and evaluating the objective medical evidence of record and the plaintiff's medical history, laboratory findings, objective medical evidence of pain, activities of daily living, medical treatment used to alleviate pain, and the plaintiff's statements. The ALJ's decision not only is supported by the evidence of record, but also contains specific reasons for the finding on credibility as is required in SSR 96-7p.

Finally, this Court concludes that the magistrate judge did not err in finding that substantial evidence supports the ALJ's finding that the plaintiff did not meet Listings 1.02 or 1.04. As noted by the magistrate judge, the record is ripe with findings by the plaintiff's treating and examining physicians to support the ALJ's decision. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is

5

GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 17, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE